IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSY LEE ZACHARY, (SPN #01735106) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-12-1036 |
| HARRIS COUNTY JAIL, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Jessy Lee Zachary, was confined as a pretrial detainee on a capital murder charge in the Harris County Jail in 2011. He alleges that during part of that period, from February 24, 2011 to October 2, 2011, he was in administrative segregation and kept in his cell for all but one hour per day. He alleges that as a result, he could not exercise sufficiently, aggravating a preexisting condition and causing muscle atrophy. (Docket Entry No. 22). He seeks actual and punitive damages for what he alleges was a violation of his constitutional rights.

The defendants, Harris County Sheriff Adrian Garcia, (former) Harris County Chief Deputy Mike Smith, and Harris County Sheriff's Office Captain Joel Innocencio, sued in their official capacities, have moved for summary judgment. (Docket Entry No. 54). The defendants contend that Zachary was housed in administrative segregation for his own protection, and that from February 24, 2011 to October 27, 2011, he was given the opportunity for recreation three times a week but did not attend except for March 6, 2011 and March 24, 2011. Zachary has filed a response, (Docket Entry No. 60), contending that documents attached to the motion for summary judgment showing his opportunities for recreation were forged. Zachary has sought to have additional documents produced

and to have a handwriting analyst appointed to examine the documents. (Docket Entries Nos. 57, 58, 59). The defendants have responded. (Docket Entries Nos. 61, 62, 63).

Based on the pleadings, the motion, responses, and reply, the parties' submissions, and the applicable law, this court denies Zachary's motion for additional discovery and grants the defendants' summary judgment motion. Final judgment is entered by separate order. The reasons are explained below.

I.   **The Applicable Legal Standards**

   A.   **Summary Judgment**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (internal quotation marks omitted). "'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'"

*United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### B. A Pretrial Detainee's Challenges to Conditions of Confinement

"Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The plaintiffs' claims against the defendants in their official capacity are the equivalent of claims against Harris County. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A local government may not be sued under § 1983 for the deprivation of rights guaranteed by the Constitution or federal law inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). An official policy may be represented either by a policy or a custom. *Id.*, 436 U.S. at 693. The custom need not be formally adopted, however, as the Fifth Circuit has held that an "official policy" may

be a persistent, widespread practice of officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984). There must be a clear pattern sufficient to conclude that the unconstitutional conduct is directly attributable to the municipality, and isolated unconstitutional actions by municipal employees will almost never trigger liability. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). A plaintiff must identify the policy, connect the policy to the governmental entity itself and show that his injury was incurred because of the application of that specific policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A plaintiff must also establish that the governmental entity through its deliberate conduct was "the moving force behind the injury alleged" and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997).

Although the rights of a convicted prisoner fall under the Eighth Amendment's prohibition against cruel and unusual punishment, the rights of a pretrial detainee are protected by the Fourteenth Amendment. *Valencia v. Wiggins*, 981 F.2d 1440, 1445 (5th Cir. 1993); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) ("The protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees such as the plaintiffs."). Because a pretrial detainee has not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Fourteenth Amendment protects pretrial detainees from

the imposition of conditions of confinement that constitute "punishment." Zachary's claims must be reviewed under the Fourteenth Amendment. *Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir. 1996).

## II. Analysis

Zachary alleges that he was subjected to improper punishment and denied due process when his administrative separation assignment prevented him from getting an hour out of his cell every day for exercise. The defendants respond with summary judgment evidence showing that Zachary was in administrative separation to protect himself because he was charged with a "high-profile" capital murder; that during this custody status, he was in a single occupancy cell and not permitted to have "out time" of one hour a day out of the cell; but that he was permitted access to recreation three times a week. The defendants contend that despite this opportunity, inmate call-out sheets show that Zachary attended recreation only twice during the period from February 24, 2011 to October 27, 2011. (*See* Docket Entry No. 54, Ex. A, Ming Affidavit; Ex. B, Bunyard Affidavit; Ex. C, Blazek Affidavit).

In response to the motion for summary judgment, Zachary agrees that he was not housed in administrative separation for punitive purposes. He agrees that the housing assignment was intended to be administrative and protective. (Docket Entry No. 60, p. 11). He contends, however, that he did not have the chance for recreation three times each week and asserts that the documents showing his name are "forgeries." (*Id.*). He argues that the Jail policy requires inmates in single cells for nonpunitive administrative segregation purposes to be provided one hour of recreation each day. The record does not establish the policy he asserts. The State of Texas regulations provide that:

> Each [jail] facility shall have and implement a written plan, approved by the Commission, for inmate physical exercise and physical recreation. Documentation of physical exercise and physical

> recreation shall be maintained for Commission review. Each inmate shall be allowed one hour of supervised physical exercise or physical recreation at least three days per week.

37 Texas Administrative Code § 285.1. Even if it was unclear what the Jail policy included, failing to comply with internal policy is not proof of a custom or policy to do so or to violate a detainee's constitutional rights. "[A] prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

Zachary does not raise a factual dispute as to whether he was given an opportunity for recreation three times a week and only took advantage of it twice. There is no need for a handwriting expert to examine the call-out sheets. *Denham v. State*, 574 S.W.2d 129, 131 (Tex. Crim. App. 1978); *Orsag v. State*, 312 S.W.3d 105, 118 (Tex. App. - Houston [14th Dist.] 2010, pet. ref'd). There is no basis on this record to look to additional cumulative documents, such as a "weekly recreation log," solely for the purpose of verifying that the documents submitted were not falsified.

The record does not raise a factual dispute as to whether Zachary's Fourteenth Amendment rights were violated. The "[d]eprivation of exercise is not a per se constitutional violation." *Lewis v. Smith*, 277 F.3d 1373, 2001 WL 1484821, at *1 (5th Cir. 2001) (citing *Stewart v. Winter*, 669 F.2d 328, 336 n.19 (5th Cir. 1982); *Miller v. Carson*, 563 F.2d 741, 751 n.12 (5th Cir. 1997). "[W]hat is constitutionally required . . . is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise." *Lewis*, 2001 WL 1485821, at * 1 (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.), *amended in part, vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982)). To succeed on a § 1983 claim for lack of exercise, a prisoner must set forth facts sufficient to "support the existence of [a] health hazard under the specific circumstances involved."

*Ruiz*, 679 F.2d at 1152. Zachary failed to raise a factual dispute as to whether he was denied any opportunity for exercise during the period in question with the intent to, or with deliberate indifference as to whether, it would injure his physical health. He has also failed to raise a fact issue as to any custom or policy of depriving administrative segregation prisoners of the opportunity for recreation. The defendants are entitled to summary judgment dismissing this suit.

The defendants' motion for summary judgment, (Docket Entry No. 54), is granted. Zachary's motions for additional discovery, (Docket Entries Nos. 57, 58), are denied. Zachary's motion for handwriting expert, (Docket Entry No. 59), is denied. Any remaining pending motions are denied as moot.

SIGNED on July 11, 2014, at Houston, Texas.

                                                  Lee H. Rosenthal
                                             United States District Judge